### WORTHINGTON v. MACK MFG. CO. et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1909.)

#### No. 836.

CORPORATIONS (§ 404\*) — OFFICERS — AUTHORITY OF MANAGER — SURRENDER OF PROPERTY.

Where the duties of the general manager of an insolvent contracting company were limited to the supervision of its construction work, without authority to make contracts or interfere with its finances or just debts until specially directed to do so, he had no authority to agree to surrender to the seller certain pumps purchased by the corporation with which to fill a waterworks contract with a town, which had been received by the corporation and delivered to the town, because of the corporation's insolvency and inability to pay, to give the seller a preference over other creditors of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 401.\*]

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Norfolk.

Bill by the Mack Manufacturing Company against the Southern Contracting Company, in which Henry R. Worthington, doing business as a corporation, intervened and claimed certain fire pumps sold to the Contracting Company and delivered to the town of Franklin by the Contracting Company under a waterworks construction contract. From a judgment denying intervener's petition, he appeals. Affirmed.

T. D. Savage (Peatross & Savage, on the brief), for appellant.

Thomas W. Shelton and N. T. Green (John B. Jenkins, on the brief), for appellees.

Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

GOFF, Circuit Judge. The Mack Manufacturing Company, a corporation under the laws of the state of Pennsylvania, filed its bill of complaint in the court below against the Southern Contracting Company, a corporation under the laws of the state of Virginia, and G. Tayloe Gwathmey, trustee, in which it was alleged that the complainant on the 11th day of February, 1907, recovered a judgment in the circuit court of the city of Norfolk, Va., against the said Southern Contracting Company for the sum of $3,229, with interest thereon from January 1, 1907, and costs; that on said judgment an execution duly issued, and was placed in the hands of the proper officer, whereby a lien was secured upon all the assets of the Southern Contracting Company; that after the rendition of the judgment mentioned, and the issuing of the execution, the Southern Contracting Company made a deed of general assignment to G. Tayloe Gwathmey, trustee; that the lien of the execution had priority over such assignment and the debts secured by it; that said company was insolvent, and unable to complete its contract; and that the only way by which the assets of that company could be collected and subjected to the payment of its debts, and the priorities of such debts ascertained, was through the aid of a court of equity. Complainant prayed for the appointment of a receiver, an accounting, the ascertaining of the priorities of the debts of said company, and the subjecting of its assets to their payment.

On the 11th day of April, 1907, the trustee under the deed of assignment made by the Southern Contracting Company filed a cross-bill in said suit, in which, among other things, it was set out that there were in the possession of the town of Franklin, Va., two Worthington Underwriter fire pumps, which had been sold and delivered by Henry R. Worthington, a corporation, to the said Southern Contracting Company, and which the trustee claimed were conveyed to him by the deed of assignment; that Worthington claimed the pumps, or the value thereof, and had demanded the same from said town of Franklin, and had announced his purpose of instituting suit to recover them. Other matters in the cross-bill, not being involved in this appeal, will not be mentioned here. The creditors of said insolvent company were made defendants to the cross-bill, which had for its object the presentation of all the facts relating to the debts and assets of that company, and the final adjustment of the same as in equity would be proper.

The court below, on consideration of the case as then made, entered an order restraining the said Henry R. Worthington from prosecuting any claim for the pumps, and also prohibiting the town of Franklin from delivering them to him, or from paying to him the value thereof. The court directed that the cross-bill should be treated as a "petition and ancillary bill," and also appointed the trustee as receiver as had been prayed for.

The answer of Henry R. Worthington was duly filed, and such proceedings were had as referred the case to a master, who, among other things, was directed to inquire and report what claims, if any, the said Henry R. Worthington, the said trustee, or the town of Franklin had to the pumps mentioned. The master on December 3, 1907, filed his

report, holding that the pumps were the property of the trustee, and that Henry R. Worthington had no title to them. To this report exceptions were filed, which were in due time overruled by the court below, and to this action of that court the appeal now under consideration was sued out by Henry R. Worthington, doing business as a corporation.

From the record we find that the Southern Contracting Company, in February, 1907, was engaged under contract in constructing a system of waterworks for the town of Franklin, in Virginia. In connection with that work the company purchased from Henry R. Worthington the pumps in controversy, and they were a few days prior to February 16, 1907, delivered at Franklin free from lien and without conditions, on which day E. F. Kitson, the general manager of the construction company, agreed with the agent of Worthington that the pumps should be returned to Worthington, who was to credit the contract price for them on the account of the Southern Contracting Company. According to this understanding, Kitson on the 16th of February, 1907, gave to Worthington a written order authorizing him to take possession of the pumps, which order the town of Franklin refused to recognize. On the 18th day of February, 1907, the Contracting Company made a general deed of assignment to G. Tayloe Gwathmey, trustee. The town of Franklin, having subsequently installed and used the pumps, should pay the value thereof, either to said trustee or to Worthington. If the agreement between the general manager of the Contracting Company and the agent of Worthington for the return of the pumps was valid, then there is error in the decree complained of; it not having been shown that the lien of the execution referred to covered the property in controversy.

Did said general manager have the authority to make the contract, or agreement to return the pumps to Worthington? As we find the weight of the evidence to be, Kitson was limited in his duties and powers as general manager to the supervision of the construction work of the company. He had no right to make contracts of any kind, was to confine himself to superintending the work of the company, had nothing whatever to do with the finances, which the directors had exclusive charge of, and he could not pay or adjust its debts, until he had been directed by the officers to do so. Both Kitson and the representative of Worthington knew, when the arrangement about the pumps was made between them, that the construction company was absolutely insolvent, the former admitting that he had been aware of such insolvency for at least 30 days before the agreement to return the pumps. It seems that the directors of the company, when they made the general assignment, did not know that Kitson had ordered the return of the pumps, and that he had thereby endeavored to give a preference to Worthington over the other creditors of the company.

Finding as we do that the general manager of the construction company was without power to contract with Worthington concerning the return of the pumps, it does not become necessary to consider other questions argued by counsel, among them whether or not the powers of the general manager of a corporation are determined ipso facto

upon his being advised of the insolvency of his company, and whether or not an insolvent corporation can in Virginia, under the laws of that state, prefer any creditor at pleasure prior to the time that its property is incumbered by a lien.

There is no error.

Affirmed.